**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02727-NYW

ESTATE OF TIMOTHY SCOTT DIXON,
S.A.D., minor child, by and through his guardian and next friend Starla LeRoux, and
CODY DIXON,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF CROWLEY COUNTY,
CROWLEY COUNTY COLORADO SHERIFFS OFFICE,
MILES CLARK,
MARK MORLOCK,
JAMES BUTLER,
JON MILLER,
ALICIA JACOBS, and
JON HERNANDEZ,

      Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

This matter is before the court for all purposes pursuant to 28 U.S.C. § 636(c) and the

Order of Reference dated March 11, 2016 [#62].  There are a number of motions pending before

the court: (1) Plaintiffs' Motion to Amend Their Complaint [#53, filed Mar. 8, 2016]; (2)

Plaintiffs' Motion to Stay Defendant Clark's Motion to Dismiss [ECF #44] Pending Ruling

Upon Plaintiff's Motion to Amend [#54, filed Mar. 8, 2016; (3) Defendant Miles Clark's Motion

to Dismiss [#44, filed Feb. 9, 2016]; (4) Defendant Jon Hernandez's Motion to Dismiss [#45,

filed Feb. 16, 2016]; and (5) the Partial Motion to Dismiss [#49, filed Feb. 25, 2016].

## BACKGROUND

Plaintiffs Estate of Timothy Scott Dixon, by and through its Special Administrator, Nathan C. Williams; S.A.D., a minor child, by and through his guardian and Next Friend, Starla LeRoux; and Cody Dixon (collectively, "Plaintiffs") initiated this action by filing a Complaint on December 16, 2015 against Defendants Board of County Commissioners of Crowley County, Crowley County Sheriff's Office, Sheriff Miles Clark, Undersheriff Mark Morlock, Deputy James Butler, Deputy Jon Miller, Deputy Alacia Jacobs,[1] Deputy Jon Hernandez, and John and Jane Does 1 through 5, Crowley County Sheriff's Personnel (collectively, "Defendants"). [#1]. Plaintiffs assert claims against Defendants stemming from events surrounding the January 31, 2014 death of 45-year-old Timothy Scott Dixon.

Mr. Dixon died at the Crowley County Jail while in the custody of the Crowley County Sheriff's Office. [#1 at ¶ 19]. Plaintiffs assert that an autopsy revealed that Mr. Dixon suffered from bacterial pneumonia, and that his death occurred as the direct result of extreme and deliberate indifference to his serious medical condition and the reckless practices and procedures employed by the public officials in connection with his medical evaluation, care, and detention. [#1 at ¶¶ 21-22]. Prior to Mr. Dixon's death, he was arrested on suspicion of driving under the influence of alcohol and transported to the Crowley County Jail for processing. [#1 at ¶ 29]. Plaintiffs assert that Mr. Dixon was not intoxicated, but instead very sick with bacterial pneumonia, and that rather than providing him with appropriate medical care, the Defendants ignored his serious symptoms and allowed him to die within their custody at the Crowley County

---

[1] Deputy Jacobs' first name is spelled incorrectly in the case caption and the Complaint. The proper spelling is Alacia. *See* [#46]. Accordingly, this court directs the Clerk of the Court to amend the caption to reflect the correct spelling.

Jail.

Plaintiffs' claims for relief include claims include constitutional claims for violations for unlawful search and seizure, failure to provide medical care and treatment, and failure to train and supervise. Plaintiffs also assert state law claims for wrongful death by negligent supervision and wrongful death by negligence under C.R.S. § 13-21-202. Plaintiffs' prayer for relief includes a request for declaratory relief and other appropriate equitable relief, economic losses, compensatory, consequential, and punitive damages, attorneys' fees and costs, as well as pre- and post-judgment interest.

On February 9, 2016, Defendant Clark filed a Motion to Dismiss, arguing that the claims against Defendant Clark should be dismissed on the basis that he is entitled to qualified immunity and that Plaintiffs fail to satisfy the *Iqbal* pleading standard of plausibility by factual allegations. [#44]. Plaintiffs responded to Defendant Clark's Motion to Dismiss on March 8, 2016. [#55].

On February 16, 2016, Defendant Jon Hernandez filed a Motion to Dismiss. [#45]. Defendant Hernandez also argues that the claims against him should be dismissed on the basis of failure to satisfy the *Iqbal* pleading standard and that he is entitled to qualified immunity. [*Id.*]. Plaintiffs responded to Defendant Hernandez's Motion to Dismiss on March 8, 2016. [#56].

On February 25, 2016, Defendants Board of County Commissioners of Crowley County, the Crowley County Colorado Sheriff's Office, and Undersheriff Mark Morlock filed a Partial Motion to Dismiss. [#49]. These three Defendants argue that Plaintiffs' first claim for relief against them under 42 U.S.C. § 1983 for unlawful search and seizure must fail because the facts pled, taken in a light most favorable to Plaintiffs, do not demonstrate a violation of the Fourth

Amendment.  [#49 at 2].  These three Defendants argue that at all times relevant to Mr. Dixon's stop and arrest, Undersheriff Morlock and his fellow deputies acted with reasonable suspicion followed by probable cause that a crime was being committed.  [#49 at 9].  Plaintiffs have not yet responded to the Partial Motion to Dismiss, and have a deadline of March 31, 2016 to do so.  *See* [#59]; [#60].

On March 8, 2016, Plaintiffs filed a Motion to Amend Their Complaint.  [#56].  Plaintiffs argue that although they believe their initial Complaint satisfies the *Iqbal* and *Twombly* pleading standards, they desire to foreclose the multiplication of Rule 12(b)(6) motions by Defendants, including those who have not yet filed them.  Accordingly, Plaintiffs seek leave to amend their Complaint to add facts in response to the three pending, and potential future, Rule 12(b)(6) motions.  [#53 at 5].  Plaintiffs' proposed First Amended Complaint and Demand for Jury Trial also drops the "official capacity" claims against each of the individually-named Defendants and drops the claims previously asserted against Defendant Jon Hernandez.  *See* [#53-1].  Plaintiffs assert that they are within the 21-day window following the motions to dismiss to amend as a matter of right under Fed. R. Civ. P. 15(a), but that they filed a motion requesting leave for amend "because of the confusion created by . . . multiple Rule 12(b)(6) motions by separate parties on different dates."  [#53 at 4].

Concurrently with the Motion to Amend Their Complaint, Plaintiffs also filed a "Motion to Stay Defendant Clark's Motion to Dismiss [ECF #44] Pending Ruling Upon Plaintiff's Motion to Amend [ECF #53].  [#54].  In this Motion, Plaintiffs argue that the court should stay a ruling on Defendant Clark's Motion to Dismiss pending a decision on Plaintiffs' Motion to Amend Their Complaint.  [#54].

## ANALYSIS

The court will first address Plaintiffs' Motion to Amend Their Complaint because if the court grants this Motion, the pending motions to dismiss the original Complaint will be moot. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

The court has not yet entered a Scheduling Order in this case and therefore, this request to amend is not beyond the deadline set by such Order; accordingly, only Fed. R. Civ. P. 15(a) governs the court's consideration of Plaintiffs' proposed amendment.  Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

The court sees no basis here for a finding of undue delay, undue prejudice to Defendants, bad faith or dilatory motive.  Moreover, regarding the futility inquiry, to the extent that

Defendants "have viable grounds for dismissing" the proposed First Amended Complaint, "such arguments are more efficiently raised in the context of their Rule 12 motion, rather than indirectly under Rule 15(a)." *Adams v. FedEx Ground Package Sys., Inc.*, No. 11-CV-02333-LTB-CBS, 2013 WL 61448, at *1 (D. Colo. Jan. 4, 2013) (internal citation omitted). Accordingly, the court will grant Plaintiffs' Motion to Amend Their Complaint. Because the court grants Plaintiffs' Motion to Amend Their Complaint, it will deny the three pending motions to dismiss (or partially dismiss) the original Complaint, as well as Plaintiffs' Motion to Stay Defendant Clark's Motion to Dismiss [ECF #44] Pending Ruling Upon Plaintiff's Motion to Amend [ECF #53] as moot. Defendants may raise any arguments in favor of dismiss of the Amended Complaint as provided for by the Federal Rules.

On the basis of the foregoing, the parties are also directed to conform their proposed Scheduling Order to the claims for relief set forth in the First Amended Complaint [#53-1].

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)     Plaintiffs' Motion to Amend Their Complaint [#53] is **GRANTED**;

(2)     Plaintiffs are directed to file and serve the amended pleading on all parties under Fed. R. Civ. P. 5 no later than 14 days from the date of this Order;

(3)     Plaintiffs' Motion to Stay Defendant Clark's Motion to Dismiss [ECF #44] Pending Ruling Upon Plaintiff's Motion to Amend [#54] is **DENIED** as **MOOT**;

(4)     Defendant Miles Clark's Motion to Dismiss [#44] is **DENIED** as **MOOT**;

(5)     Defendant Jon Hernandez's Motion to Dismiss [#45] is **DENIED** as **MOOT**; and

(6)     The Partial Motion to Dismiss [#49] is **DENIED** as **MOOT**.

DATED: March 11, 2016                    BY THE COURT:


                                         s/Nina Y. Wang_____
                                         United States Magistrate Judge