IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02727-NYW

The ESTATE OF TIMOTHY SCOTT DIXON,
S.A.D., minor child, by and through his guardian and next friend Starla LeRoux, and
CODY DIXON,

    Plaintiffs,
v.

BOARD OF COUNTY COMMISSIONERS OF CROWLEY COUNTY,
CROWLEY COUNTY COLORADO SHERIFFS OFFICE,
MILES CLARK, in his individual capacity,
MARK MORLOCK, in his individual capacity,
JAMES BUTLER, in his individual capacity, and
ALACIA JACOBS, in her individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on several pending motions:

(1) Plaintiffs The Estate of Timothy Scott Dixon, S.A.D., a minor child, and Cody N. Dixon's (collectively, "Plaintiffs") F.R.C.P. 59(e) Motion for Reconsideration of Order and Judgment of Dismissal [ECF #136 and ECF #137] (the "Motion to Reconsider") [#138, filed Apr. 28, 2017];

(2) Plaintiffs' Unopposed Motion to (Re)Open Case (the "Motion to Reopen") [#139, filed May 1, 2017];

(3) Plaintiffs' Motion Pursuant to F.R.CIV.P. 62(b)(3) For Stay Pending Disposition of F.R.CIV.P.59(e) Motion [ECF #138] (the "Motion to Stay") [#140, filed May 1, 2017]; and

(4) Plaintiffs' Unopposed Motion for Expedited Briefing and Disposition of Motion for Stay (the "Motion to Expedite Briefing") [#141, filed May 1, 2017].

These motions are before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated March 11, 2016 [#62]. Local Rule 7.1(d) provides that a judicial officer may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). The court concludes that further briefing and oral argument will not materially assist in the resolution of this matter. Accordingly, after carefully considering the motions and associated briefing, the entire case file, the applicable case law, the court hereby **DENIES** the motions for the reasons stated herein.

## BACKGROUND

The court has discussed in detail this action's background in previous rulings, *see, e.g.*, [#107; #136], and discusses it here only as it pertains to the pending motions. On December 16, 2015, Plaintiffs filed their initial Complaint in this matter. [#1]. Then, on March 11, 2016, the court granted Plaintiffs' First Motion to Amend their Complaint, *see* [#63], and Plaintiffs' First Amended Complaint ("FAC") became the operative complaint in this matter. *See* [#67].

On April 5, 2016, Defendants Butler, Jacobs, and Clark each filed their own Motion to Dismiss, seeking dismissal of all claims against them for failure to state a claim or on qualified immunity grounds. *See* [#72; #73; #75]. Then, on April 25, 2016, the County Defendants filed a Partial Motion to Dismiss Claim I (Unlawful Arrest and Seizure) for failure to state a claim and because Defendant Morlock was entitled to qualified immunity. [#84]. On November 15, 2016, the court issued an order dismissing without prejudice Claim I (Unlawful Arrest and Seizure), Claim II (Failure to Provide Medical Care) as to Defendant Jacobs only, Claim V (Supervisory

(4) Plaintiffs' Unopposed Motion for Expedited Briefing and Disposition of Motion for Stay (the "Motion to Expedite Briefing") [#141, filed May 1, 2017].

These motions are before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated March 11, 2016 [#62]. Local Rule 7.1(d) provides that a judicial officer may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). The court concludes that further briefing and oral argument will not materially assist in the resolution of this matter. Accordingly, after carefully considering the motions and associated briefing, the entire case file, the applicable case law, the court hereby **DENIES** the motions for the reasons stated herein.

## BACKGROUND

The court has discussed in detail this action's background in previous rulings, *see, e.g.*, [#107; #136], and discusses it here only as it pertains to the pending motions. On December 16, 2015, Plaintiffs filed their initial Complaint in this matter. [#1]. Then, on March 11, 2016, the court granted Plaintiffs' First Motion to Amend their Complaint, *see* [#63], and Plaintiffs' First Amended Complaint ("FAC") became the operative complaint in this matter. *See* [#67].

On April 5, 2016, Defendants Butler, Jacobs, and Clark each filed their own Motion to Dismiss, seeking dismissal of all claims against them for failure to state a claim or on qualified immunity grounds. *See* [#72; #73; #75]. Then, on April 25, 2016, the County Defendants filed a Partial Motion to Dismiss Claim I (Unlawful Arrest and Seizure) for failure to state a claim and because Defendant Morlock was entitled to qualified immunity. [#84]. On November 15, 2016, the court issued an order dismissing without prejudice Claim I (Unlawful Arrest and Seizure), Claim II (Failure to Provide Medical Care) as to Defendant Jacobs only, Claim V (Supervisory

Liability – Failure to Train) as to Defendant Clark only, and Claim VI (Wrongful Death by Negligent Supervision) as to Defendant Clark only. *See* [#107].

On January 19, 2017, the County Defendants and Individual Defendants (collectively, "Defendants") filed their respective Motions for Summary Judgment. *See* [#114; #116]. The Defendants moved for summary judgment on the FAC's remaining claims: Claim II (Failure to Provide Medical Care) against Defendants Morlock, Clark, and Butler; Claim III (*Monell* liability – Failure to Provide Medical Care); Claim IV (*Monell* liability – Failure to Train/Supervise); Claim V (Supervisory Liability – Failure to Train) against Defendant Morlock; Claim VI (Wrongful Death – Negligent Supervision) against the County Defendants and Defendants Butler and Jacobs; and Claim VII (Wrongful Death – Negligence). Plaintiffs filed a joint response [#123], and Defendants each filed a reply [#131; #132].

On April 18, 2017, the court issued its Memorandum Opinion and Order ("Order) granting in part and denying in part Defendants' Motions for Summary Judgment. [#136]. The court held that Defendants Clark, Butler, and Morlock were entitled to qualified immunity on Claim II, because Plaintiffs failed to argue the clearly established prong of the qualified immunity analysis—a formidable burden on summary judgment that is distinct from the court's analysis at the motion to dismiss phase. [*Id.* at 20-21]. In addition, the court held that Plaintiffs failed to create a triable issue of fact as to Claims III, IV, and V, and entered summary judgment in favor of the County Defendants. [*Id.* at 22-28]. Lastly, the court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims, Claims VI and VII, given its dismissal of Plaintiffs' federal law claims. [*Id.* at 28]. On April 19, 2017, the Clerk of the Court entered Final Judgment in favor of the County Defendants on Claims II, III, IV, and V, and in favor of the Individual Defendants on Claim II, pursuant to the court's Order. *See* [#137].

On April 28, 2017, Plaintiffs filed the instant Motion to Reconsider, requesting that the court reconsider and vacate its Order and vacate the Final Judgment, while also denying Defendants' Motions for Summary Judgment. [#138]. Plaintiffs argue that the court already decided the clearly established issue in its November 15, 2016 Memorandum Opinion and Order on Defendants' Motions to Dismiss, and that Plaintiffs nonetheless argued the clearly established prong in their Response to the Motions for Summary Judgment. [*Id.*]. Then, on May 1, 2017, Plaintiffs filed their Motion to Reopen, Motion to Stay, and Motion to Expedite Briefing. *See* [#139; #140; #141]. The court considers Plaintiffs' arguments below.

## ANALYSIS

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, particularly in light of a grant of a dispositive motion. In this case, Plaintiffs moved for reconsideration within twenty-eight days after the entry of an order or judgment and, accordingly, this court construes the motion as one for relief from judgment under Rule 59(e). *See generally Sherman v. Klenke*, 653 F. App'x 580, 585 (10th Cir. 2016). Pursuant to Rule 59(e), a party may seek to amend or set aside a final judgment within 28 days of the final judgment. Courts may grant motions to reconsider under Rule 59(e) where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). A Rule 59(e) motion is not, however, intended to be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* After reviewing Plaintiffs' Motion to Reconsider, it appears that Plaintiffs urge this court to reconsider its Opinion on both procedural and substantive grounds.

I.   **Procedural Grounds**

Plaintiffs first argue for reconsideration because the court already decided the clearly established issue in its ruling on the Motions to Dismiss and, therefore, Plaintiffs were not required to address such arguments on summary judgment. [#138 at 4]. Plaintiffs continue by quoting the court's recitation of the applicable legal standard from its order on the Motions to Dismiss, and argue that no Defendant challenged the court's ruling; thus, "Plaintiffs had a right to and did rely upon this prior ruling as binding" regarding the clearly established prong. [*Id.* at 6–7]. This court will address each of Plaintiffs' procedural grounds in turn.

***Incorporation of Motion to Dismiss***.  In its Order, the court held that Plaintiffs could not survive summary judgment because they failed to address the qualified immunity analysis in their response. [#136 at 20]. To the extent Plaintiffs argue that the court was required to re-examine their arguments concerning the clearly established prong raised in their Response to the Motions to Dismiss, Plaintiffs' Response to the Motions for Summary Judgment does not incorporate or even reference such arguments. Thus, the court was not compelled to consider them *sua sponte*. *See Gutierrez v. Cobos*, 841 F.3d 895, 902-03 (10th Cir. 2016) (rejecting the plaintiffs' attempts to incorporate by reference their clearly-established arguments raised during the motion to dismiss phase in the district court).

Unfortunately, Plaintiffs' Response does not include any discussion that Mr. Dixon's constitutional rights were clearly established, or that the individual Defendants had already conceded that point, or that the court has previously decided that issue. Indeed, Plaintiffs' combined Response fails to include the words "qualified immunity" or "clearly established" at all. [#123]. Therefore, based on prior rulings of the Tenth Circuit, this court determined that it would be improper to infer or make such an argument on behalf of Plaintiffs. *See Smith v.*

*McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013) (affirming the district court's grant of qualified immunity under similar circumstances; noting, "This isn't to say Mr. Smith lacked (or possessed) a meritorious case. It is to say only we will never know because clients like Mr. Smith are usually bound by their lawyers' actions—or, as here, inactions.").[1]

*Law of the Case.* Next, Plaintiffs argue that the court's ruling on the Motion to Dismiss decided that the alleged constitutional violation was clearly established and, accordingly, Plaintiffs were not required to address it at summary judgment. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (quoting *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (internal quotation marks omitted)). Putting aside the fact that this argument was not made in their combined Response, the law of the case doctrine simply does not apply. The issue of whether the constitutional violation alleged by Plaintiffs was clearly established was not litigated at the motion to dismiss phase and, as a result, this court did not decide, as a matter of law, that the particular constitutional violation was clearly established. [#107 at 15-27]. Indeed, the individual Defendants Butler, Clark, Jacobs and Morlock did not move for dismissal of the deliberate indifference claim based on arguments that the alleged constitutional violation was not clearly established. Nor, contrary to Plaintiffs' argument [#138 at 5], did Defendants concede that the deliberate indifference alleged by Plaintiffs was clearly established. Rather, Defendants

---

[1] Plaintiffs also suggest that it was improper for this court to consider whether they had satisfied the clearly-established prong of qualified immunity because Defendant Morlock failed to raise it in his affirmative Motion for Summary Judgment, but was only raised on Reply. [#138 at 7]. In reviewing Defendant Morlock's Motion to Dismiss, this court acknowledges that Plaintiffs are correct. Nevertheless, this argument ignores the fact that Defendants Clark, Butler, and Jacobs expressly raised the issue in their affirmative Motion for Summary Judgment. [#116 at 18-19; #136 at 20]. And once raised, it was incumbent upon Plaintiffs to address it in their combined Response.

Butler, Clark, and Jacobs argued that Plaintiffs had failed to articulate sufficient facts for a cognizable constitutional violation. *See* [#72 at 10-13; #73 at 5-6; #75 at 10-12]. Defendant Morlock did not move for dismissal of the deliberate indifference claim at all. [#84]. Neither side expressly addressed the clearly established prong of the qualified immunity analysis. Indeed, even when a trial court has determined that a particular constitutional claim is clearly established, a court may revisit the issue at a later time prior to final judgment, without error. *See Stewart,* 701 F.3d at 1329 (observing that the law of the case doctrine generally does not apply to rulings made prior to final judgment).

Nor does the court's ruling on the Motions to Dismiss otherwise dispose of the qualified immunity analysis on summary judgment. The qualified immunity inquiry at the motion to dismiss phase and at the summary judgment phase are separate and distinct—notably, Plaintiffs carry different burdens. On a motion to dismiss, the court determines whether the complaint's factual allegations state a plausible constitutional claim, not whether the complaint contains all the necessary factual allegations to sustain a conclusion that Defendants violated clearly established law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). At summary judgment, "the record must clearly demonstrate the plaintiff[s] ha[ve] satisfied [their] heavy two-part burden," *i.e.*, that Defendants violated Mr. Dixon's *clearly established* constitutional rights. *Felder ex rel. Smedley v. Malcom*, 755 F.3d 870, 877-78 (10th Cir. 2014) (internal quotations and citation omitted). Accordingly, the court's conclusion at the motion to dismiss phase that dismissal is not warranted based on the pleadings does not necessarily translate into a determination that Plaintiffs have carried their burden to overcome qualified immunity on summary judgment.

7

## II. Substantive Grounds

Plaintiffs further argue that their Response to the Motions for Summary Judgment did include an argument that Defendants violated Mr. Dixon's clearly established constitutional rights. [#138 at 8–9 (citing [#123 at 26-27]). Plaintiffs rely on the general principle that pretrial detainees are entitled to adequate medical treatment under the Fourteenth Amendment, and that they were not required to argue anything further. [*Id.* at 9–12]. Plaintiffs continue by reciting cases finding this argument sufficient. [*Id.* at 12–19].

Although this argument was not made in Plaintiffs' combined Response, the court did consider whether their general statement that "failure to provide medical care is a violation of the Eighth Amendment if it is a result of deliberate indifference to a prisoner's serious medical needs" was sufficient to overcome the individual Defendants' arguments that they were entitled to qualified immunity because the constitutional right was not clearly established. [#136 at 21]. The Supreme Court has previously explained that the right allegedly violated must be established, "'not as a broad general proposition,' but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." *Reichle v. Howards*, 566 U.S. 658, 132 S. Ct. 2088, 2094, 182 L. Ed. 2d 985 (2012) (citations omitted). And in interpreting the precedent from this Circuit, this court concluded that the general statement that failure to provide medical care to a pretrial detainee constitutes deliberate indifference was insufficient to satisfy Plaintiffs' burden as to the clearly established prong. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 742 (2011)) ("'clearly established law' should not be defined 'at a high level of generality.'"); *Toler v. Troutt,* 631 F. App'x 545, 547 (10th Cir. 2015). But because Plaintiffs neither addressed Defendants' articulation of the constitutional right, nor framed a different one that was clearly established, the court concluded

that it was inappropriate to do so on behalf of Plaintiffs, and Plaintiffs had thus failed to carry their burden on summary judgment. *See Gutierrez*, 841 F.3d at 903 (affirming the district court's grant of qualified immunity, as "Plaintiffs failed to carry their burden of showing that Deputy Maynes violated clearly established federal law because their counsel did not make any legal argument in the district court to rebut qualified immunity.").

This court did not reach its conclusion lightly, and, in doing so, expressly sought not to elevate form over substance. But in applying the binding precedent, it felt compelled to so rule. As Plaintiffs' affirmative arguments in its Motion to Reconsider do not change the court's interpretation of the binding precedent in this Circuit or its conclusion on the matter, this court denies the pending motions without further briefing, to facilitate an expeditious appeal to the Tenth Circuit.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Plaintiffs' Motion to Reconsider [#138] is **DENIED**;

(2) Plaintiffs' Motion to Reopen [#139] is **DENIED**, and this case remains **CLOSED** in accordance with the Final Judgment [#137] entered on April 19, 2017;

(3) Plaintiffs' Motion to Stay [#140] is **DENIED as moot**; and

(4) Plaintiffs' Motion to Expedite Briefing [#141] is **DENIED as moot**.

DATED: May 3, 2017　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　s/ Nina Y. Wang
　　　　　　　　　　　　　　　　　　　　　　　Nina Y. Wang
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge