IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02727-NYW

The ESTATE OF TIMOTHY SCOTT DIXON,
S.A.D., minor child, by and through his guardian and next friend Starla LeRoux, and
CODY DIXON,

    Plaintiffs,
v.

BOARD OF COUNTY COMMISSIONERS OF CROWLEY COUNTY,
CROWLEY COUNTY COLORADO SHERIFFS OFFICE,
MILES CLARK, in his individual capacity,
MARK MORLOCK, in his individual capacity,
JAMES BUTLER, in his individual capacity, and
ALACIA JACOBS, in her individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on three pending motions:

(1) Plaintiffs The Estate of Timothy Scott Dixon, S.A.D., a minor child, and Cody N. Dixon's (collectively, "Plaintiffs") Motion to Reopen Case [#144, filed May 8, 2017];

(2) Plaintiffs' Motion For Stay Pending Appeal [#145, filed May 8, 2017]; and

(3) Plaintiffs' Corrected Motion For Stay Pending Appeal (the "Corrected Motion to Stay") [#147, filed May 9, 2017].

These motions are before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated March 11, 2016 [#62]. This court originally ordered Defendants to respond to the Motion For Stay Pending Appeal [#145] and Corrected Motion to

Stay [#147] no later than the close of business on May 10, 2017, but having reviewed the Corrected Motion to Stay, the court has concluded that further briefing and oral argument would not materially assist in the disposition of the matter and it is in the interests of justice to expedite its ruling. Local Rule 7.1(d) provides that a judicial officer may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). Accordingly, after carefully considering the motions and associated briefing, the entire case file, the applicable case law, the court hereby **DENIES** the motions for the reasons stated herein.

## BACKGROUND

The court has discussed in detail this action's background in previous rulings, *see, e.g.*, [#107; #136], and discusses it here only as it pertains to the pending motions. On April 18, 2017, the court issued its Memorandum Opinion and Order ("Order) granting in part and denying in part Defendants' Motions for Summary Judgment. [#136]. The court held that Defendants Clark, Butler, and Morlock were entitled to qualified immunity on Claim II, because Plaintiffs failed to argue the clearly established prong of the qualified immunity analysis—Plaintiffs' burden on summary judgment, and that the court's ruling on the motion to dismiss did not excuse Plaintiffs from addressing that prong of the qualified immunity analysis. [*Id.* at 20-21]. In addition, the court held that Plaintiffs failed to create a triable issue of fact as to Claims III, IV, and V, and entered summary judgment in favor of the County Defendants. [*Id.* at 22-28]. Lastly, the court declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims, Claims VI and VII, given its dismissal of Plaintiffs' federal law claims. [*Id.* at 28]. On April 19, 2017, the Clerk of the Court entered Final Judgment in favor of the County Defendants on Claims II, III, IV, and V, and in favor of the Individual Defendants on Claim II, pursuant to the court's Order. *See* [#137]. The entry of Final Judgment closed this case.

On April 28, 2017, Plaintiffs filed the a Motion to Reconsider, requesting that the court reconsider and vacate its Order and vacate the Final Judgment, while also denying Defendants' Motions for Summary Judgment. [#138]. Then, on May 1, 2017, Plaintiffs filed their Motion to Reopen, Motion to Stay, and Motion to Expedite Briefing. *See* [#139; #140; #141]. Plaintiffs sought to reopen the case, presumably because the docket now reflects it is "terminated" so that this court would reconsider its ruling on summary judgment; to stay the execution of the judgment pending their Motion to Reconsider; and to expedite briefing related to the Motion to Reconsider. By its Order dated May 3, 2017, the court denied Plaintiffs' motions. *See* [#142].

Following the court's denial of Plaintiffs' motions, Plaintiffs filed a Notice of Appeal on May 8, 2017. [#143]. On the same day, Plaintiffs filed their Motion to Reopen and Motion For Stay Pending Appeal. [#144; #145]. On May 9, 2017, Plaintiffs filed their Corrected Motion to Stay, requesting that the court stay its execution of the Final Judgment pending Plaintiffs' appeal to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"). [#147]. Plaintiffs request a stay to avoid filing their pendent state-law claims in state court while their appeal is pending before the Tenth Circuit. [*Id.* at 4-5]. Specifically, Plaintiffs maintain that a stay of this court's Final Judgment will insulate their state-law claims from the applicable state statutes of limitation. [*Id.* at 4]. The court considers the motions below.

## ANALYSIS

**I.  Motion to Reopen**

First, Plaintiffs request that the court reopen their case for good cause shown. [#144]. Plaintiffs appear to take issue with the closing of their case pursuant to the entry of Final Judgment, arguing that there is no order on the docket closing the case, nor did Plaintiffs receive any such order. [*Id.* at 2]. Plaintiffs argue that the court should reopen this case in order to rule

3

on their Motion to Stay. [*Id.*]. Because Plaintiffs misapprehend the "termination" of the case, the Motion to Reopen is **DENIED**.

In support of their argument to reopen this case for good cause shown, Plaintiffs cite *Frederick v. Hartford Underwriters Insurance Company* for the proposition that good cause exists to reopen a case where a party seeks a determination of their rights and claims. No. 11-CV-02306-RM-KLM, 2015 WL 1499662, at *1 (D. Colo. Mar. 27, 2015). However, *Frederick* is inapposite. The parties in *Frederick* moved to *administratively close* the matter pursuant to Rule 41.2 of the Local Rules of Civil Practice, which is subject to reopening for good cause. *Id.* (quoting D.C.COLO.LCivR. 41.2). Here, neither the Parties, nor the court ordered this matter administratively closed; rather, the case terminated upon the Clerk's entry of Final Judgment, *see Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) ("A final judgment is one that terminates all matters as to all parties and causes of action" (internal quotations and citations omitted)) — a separate and distinct occurrence from administrative closure. The termination of this case simply reflects that there are no further claims remaining in this action to be adjudicated.

Despite the automatic termination of this case upon the entry of Final Judgment, there is no requirement that either Party file a motion to reopen the case before this court can consider post-judgment motions. *See In re Winslow*, 132 B.R. 1016 (D. Colo. 1991); *Hettick v. Brown*, No. 12-CV-0188-CVE-FHM, 2013 WL 6048812, at *2 (N.D. Okla. Nov. 14, 2013).[1] Accordingly, Plaintiffs' Motion to Reopen is **DENIED**.

---

[1] This holding is not, however, an invitation to Plaintiffs to continue to file post-judgment motions, seeking reconsideration of the court's rulings. Indeed, even if the court denied qualified immunity and found that Plaintiffs' articulation of Mr. Dixon's constitutional right as clearly established was sufficient to overcome the individual Defendants' invocation of qualified immunity, the individual Defendants could have filed an interlocutory appeal to the Tenth Circuit and one or both of the issues that led this court to grant summary judgment based on qualified

## II.     Motion to Stay

"It is well settled that federal courts have statutory or inherent power to stay judgments and orders pending appeal." *J. Perez & Cia., Inc. v. United States*, 578 F. Supp. 1318, 1320 (D.P.R. 1984) (citing Fed. R. Civ. P. 62(d)).  In ruling on a motion to stay pending the appeal of a non-monetary judgment, courts apply the same factors utilized when ruling on a motion for preliminary injunction.  *See Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015).  Thus, courts determine whether the movant has demonstrated:  (1) a likelihood of success on the merits on appeal; (2) irreparable harm; (3) prejudice to the non-movant; and (4) any risk of harm to the public.  *See McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) (discussing 10th Cir. R. 8.1).

Here, Plaintiffs request that this court stay execution of its Final Judgment pending their appeal to the Tenth Circuit.  [#147 at 3].  Plaintiffs argue that a supersedeas bond is unnecessary given that the judgment is non-monetary.  [*Id.* at 3-4].  While arguing that the enumerated factors weigh in favor of granting a stay, implicit in Plaintiffs' argument is that a stay pending appeal will insulate their state-law claims from the applicable state statute of limitations and will allow them to pursue their appeal without having to file a concurrent state-court action.  [*Id.* at 4-5].  However, Plaintiffs cite to no authority (nor could this court find any) that suggests a stay of this court's Final Judgment would toll the applicable statute of limitations for their state-law claims, thereby allowing them to avoid filing those claims in state court.  And even if this court stayed its Final Judgment, this court cannot and does not guarantee that any stay by this court would afford the Plaintiffs the relief they desire.

---

immunity could still be before the Circuit.  The resolution Plaintiffs seek as to these issues lies with the Circuit, not this court.

Nor have Plaintiffs established that a stay is appropriate. The court finds the first factor, *i.e.*, the likelihood of success on the merits on appeal, weighs against Plaintiffs. As discussed above, this court granted the individual Defendants qualified immunity based on procedural and substantive reasons. The court found that Plaintiffs failed to carry its burden on summary judgment on qualified immunity because they failed to respond to the individual Defendants' argument that the alleged constitutional violation was not clearly established.[2] Given the prior rulings of the Tenth Circuit as reflected in its Order on the Motion to Reconsider, this court cannot find that Plaintiffs' have established a likelihood of success on the merits on this procedural issue. The court further found that even if it construed Plaintiffs' statement that pretrial detainees are entitled to adequate medical treatment under the Fourteenth Amendment as an argument that Mr. Dixon's constitutional right to care was "clearly established," that articulation was too generalized to overcome qualified immunity at summary judgment. This finding, too, was grounded in this court's analysis of binding Tenth Circuit law. Therefore, this court finds that Plaintiffs have not established a likelihood of success on the merits; otherwise, the court would have ruled differently in the first instance.

The second factor, *i.e.*, whether there will be irreparable harm to Plaintiffs if a stay is not granted, also weighs against Plaintiffs. While Plaintiffs argue that they will be prejudiced if they are compelled to move forward in state court during the pendency of their appeal to the Tenth Circuit, they articulate no reason why they cannot file in state court and then seek a stay of those proceedings from the state court. Indeed, Plaintiffs cite no law that suggests that it is appropriate for this court to attempt to toll a state statute of limitations or stay a state court action, through a

---

[2] Indeed, as noted in the Order denying the Motion to Reconsider, Plaintiffs' Response to the Motion for Summary Judgment does not even include the words "clearly established" or "qualified immunity." [#142 at 5].

stay of the execution of the Final Judgment in this action. Having declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, this court declines to inject itself now or interfere with any state court proceedings with regard to the dismissed state law claims.

The last two factors are neutral at best. While there is no monetary judgment, this court also finds no utility in staying the execution of a judgment in this case. Plaintiffs have already appealed to the Tenth Circuit [#143], and Defendants are also entitled to have this case—which was originally filed almost two years after Mr. Dixon's death—proceed forward in the normal course.

Consequently, the Corrected Motion to Stay is **DENIED**.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Plaintiffs' Motion to Reopen [#144] is **DENIED**, and this case remains **TERMINATED** in accordance with the Final Judgment [#137] entered on April 19, 2017;

(2) Plaintiffs' Motion for Stay Pending Appeal [#145] is **DENIED as moot**; and

(3) Plaintiffs' Corrected Motion for Stay Pending Appeal [#147] is **DENIED**.

DATED: May 9, 2017                      BY THE COURT:

                                                 s/ Nina Y. Wang
                                                 Nina Y. Wang
                                                 United States Magistrate Judge